BENDA v. KEIL et al.

(City Court of New York, General Term. April 5, 1900.)

MASTER AND SERVANT—KNOWLEDGE OF DANGER—ASSUMPTION OF RISK.
Where the testimony shows that a servant was acquainted with the exact condition of his surroundings, and knew of any danger existing in his occupation, he assumed the risk of injury that was apparent, and cannot recover for such injuries.

Appeal from trial term.

Action by one Benda against one Keil and others to recover for injuries. From a judgment for plaintiff, and from an order denying a motion for new trial, defendants appeal. Reversed.

Argued before McCARTHY and HASCALL, JJ.

---

GUTHMANN v. MEYER et al.

(City Court of New York, General Term. April 5, 1900.)

1. LAND BROKERS—COMMISSION—EVIDENCE.
A broker is not entitled to a commission for procuring a purchaser of land, where his principal and the proposed purchaser failed to consummate a sale because of a dispute over taxes.

2. SAME—EXECUTORS—AUTHORITY—PRESUMPTIONS.
An admission by defendant executor, in an action for commission for procuring a purchaser of testator's land, that he was an executor and trustee under the will, is not sufficient to show him authorized to sell the land.

3. SAME.
Proof of a contract by one of several executors to employ a broker to sell testator's land is insufficient to show the other executors liable for a breach of the contract, in the absence of evidence that the executors could act otherwise than jointly.

Appeal from trial term.

Action by one Guthmann against one Meyer and others, as executors. From a judgment for plaintiff, and an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before McCARTHY, O'DWYER, and HASCALL, JJ.

Alex. Thain, for appellants.

Moses Weinman, for respondent.

HASCALL, J. Plaintiff had a verdict upon his claim for $450, alleged to be due as a commission upon procuring a purchaser for certain real estate. We are forced to the conclusion that the minds of the parties (vendor and purchaser) did not meet, so as to give rise to the claim of plaintiff. There was still a dispute over taxes, which was the reason why no contract of purchase and sale was signed. No proof of the terms of defendants' trust was made in the case, although defendants admit that they were executors and trustees under a will.

The court is asked to maintain, as a contract, a written communication from one of the defendants to the plaintiff, setting forth the terms upon which she was willing to sell her property. This paper (Exhibit A) could only be binding, if binding at all, on Mrs. Meyer, and at best was only a letter of instruction,—a notice to a broker. No liability is shown by all the defendants, individually or as personal representatives. If they were liable as executors, could they have sold and conveyed realty in such capacity? If as trustees, there is nothing set out in the complaint showing that they could act otherwise than jointly. Hence Mrs. Meyer's signature, or Mr. Cramer's, could not bind all, and all of the defendants as trustees would not be liable. It may be that the defendants had power, as trustees, to make a contract; but none is alleged or proven, so that the court at trial term could not judicially determine whether the defendants had authority to make an alleged agreement, as executors or otherwise, to bind their trust estate. The court could not infer the existence of power, and could not know of it, unless the authority or direction were contained in the will, and that properly pleaded. We think that it was error to hold otherwise, and that, under the proofs, it was, at most, a question of personal liability of Mrs. Meyer, only, that should have gone to the jury, even if it had been held that the letter (Exhibit A) was a complete and valid instrument of agreement. It seems to us that error in interpretation of the negotiations and status of the parties led to errors in the charge, and that upon the close of plaintiff's case his complaint should have been dismissed.

Judgment and order appealed from reversed, and new trial ordered, with costs and disbursements to the appellants to abide the event. All concur.